## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2017, 6:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Natalie Shrader
Burke Costanza & Carberry LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Kevin W. Marshall
Hobart, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Gasser Chair Company, Inc.,

*Appellant-Defendant,*

v.

Marlene J. Nordengreen,

*Appellee-Plaintiff.*

March 9, 2017

Court of Appeals Case No.
45A05-1606-CT-1226

Appeal from the Lake Superior Court

The Honorable Bruce D. Parent, Judge

Trial Court Cause No.
45D04-1001-CT-7

**Robb, Judge.**

[1] In *Gasser Chair Co., Inc. v. Nordengreen*, No. 45A05-1606-CT-1226 (Ind. Ct. App. Dec. 22, 2016), Nordengreen sought damages under the Indiana Products Liability Act against Gasser for injuries she suffered after a chair manufactured

by Gasser collapsed and smashed her leg.  Gasser appealed the judgment in favor of Nordengreen on the basis the trial court abused its discretion in denying its motion for judgment on the evidence.  On appeal, we concluded the record demonstrated Nordengreen voluntarily withdrew her products liability claim and attempted to proceed on a claim of negligence independent of her products liability claim.  Specifically, we reasoned the transcript clearly showed Nordengreen intended to withdraw her products liability claim and such a finding was further bolstered when viewing the parties' discussions regarding final jury instructions, where there were several references to the trial court and Nordengreen agreeing to withdraw jury instructions pertaining to products liability claims.  Slip op. at *3.  We further determined Nordengreen's attempt to use the doctrine of res ipsa loquitor as an independent claim of negligence was insufficient.  *Id*. at *4 n.4.  We concluded Nordengreen did not present evidence of a claim of negligence independent of her products liability claim and therefore judgment on the evidence should have been granted in favor of Gasser.  *Id*. at *4.  Accordingly, we reversed and remanded with instructions for the trial court to enter judgment in favor of Gasser.

[2] Nordengreen has filed a petition for rehearing, contending we critically misunderstood aspects of what occurred at the trial court.[1]  Specifically, she

---

[1] Due to e-filing issues, this court did not receive Gasser's brief in response to Nordengreen's petition in a timely fashion.  Gasser has now filed a motion for leave to refile its response and attached the response to the motion.  In an order issued contemporaneously with this decision, we grant Gasser's motion for leave to refile its brief in response and have considered its brief accordingly.

claims she did not withdraw her products liability claim, and in support, she has filed a motion to supplement the record to include the final jury instructions, which were not submitted as a part of the original record. In an order issued contemporaneously with this decision, we granted Nordengreen's motion to supplement the record, and as a result, granted rehearing to address any effect the final jury instructions have on this case.

[3] Nordengreen directs us to jury instructions number 9, 10, 11, and 13 which she claims come from a chapter titled "Product Liability: Negligence" in the Indiana Model Civil Jury Instructions. Instruction #9 addresses comparative fault and defines "fault"; instruction #10 defines negligence; instruction #11 addresses causation; and instruction #13 defines reasonable care. Although these instructions may have come from the "Product Liability: Negligence" chapter of the manual, we are left unpersuaded such evidence supports Nordengreen's claim she did not voluntarily withdraw her products liability claim, especially in light of the fact these instructions appear to be pattern instructions applicable in most, if not all, negligence cases. We further emphasize Nordengreen did not originally include these instructions as part of the record on appeal and such an omission implies Nordengreen did not believe the instructions were necessary or important for our decision.

[4] In sum, our interpretation of the record demonstrates Nordengreen voluntarily withdrew her products liability claim and the discussions between the parties regarding the final jury instructions only bolstered our conclusion. The final

jury instructions now made part of the record do not dissuade us from our earlier decision and we therefore reaffirm our earlier opinion in all respects.

Mathias, J., and Brown, J., concur.